UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YURIEL MONDRAGON CALIX,<br><br>*Plaintiff,*<br><br>v.<br><br>A2Z UNIVERSAL, *et al.*,<br><br>*Defendants.* | Civil Action No.: 15-cv-3169 (PGS)<br><br>**MEMORANDUM AND ORDER** |

SHERIDAN, U.S.D.J

This personal injury action arose from a construction site accident. Plaintiff Yuriel Mondragon Calix, a construction worker who resides in New York, brings this present cause of action alleging claims of negligence against Defendant A2Z Universal LLC (hereinafter "A2Z"), a New Jersey-based Corporation, and its owner Roger West Jr, a New Jersey resident. The Court has diversity jurisdiction. Presently before the Court are both parties' motions for summary judgment (ECF Nos. 63 & 64); however, because there is a parallel matter pending before the Division of Workers' Compensation, the Court will administratively terminate the present case, pending resolution of the Worker's Compensation matter, with the right to reo-pen the matter upon completion of the Worker's Compensation matter.

### BACKGROUND

On June 3, 2014, Plaintiff sustained significant injuries when he was run over by an unmanned front end loader. (Defendant's Statement of Material Facts [SOMF] at ¶ 1). Moments before the accident occurred, another construction worker, Jesue Felipe Sanchez, had parked the front loader atop a hill. (Plaintiff's SOMF at ¶ 9). However, the front loader was not properly put into park; instead, it was placed in neutral and with the bucket not fully placed on the ground,

1

caused the loader to roll downhill, striking Plaintiff. (*Id.*; ECF No. 63-6 at 169-187, "Crandall Report").

By way of background, January 10, 2013, A2Z, a New Jersey-based company owned by Roger West, Jr., contracted with Bill Vince to provide site remediation and excavation of solid waste at Vince's landfill site in Old Bridge, New Jersey. (Def's SOMF at ¶ 7; ECF No. 64-3, "Remediation Contract"). Under the terms of the contract, A2Z agreed to provide wood shredding, rock crushing, and grading services. (*Id.*). Specifically, A2Z was responsible for "cleaning debris, including organics such as tree roots, creosote logs and organics that were decomposing, which was a violation issued from the DEP." (Def's SOMF at ¶ 8). It is undisputed that A2Z owned the work vehicles onsite and the front end loader that injured Plaintiff. (*Id.*). According to Plaintiff, Vince also contracted with RNR Corporation (hereinafter, "RNR"), another New Jersey-based corporation owned by West, to recycle leaves and wood waste found at the site. (Plaintiff's SOMF at ¶¶ 25-26). Specifically, Vince allowed RNR to use the site's Class B Recycling Facility, Reclamation Technology, Inc., and the parties agreed to share the revenue earned from manufacturing the top soil and mulch collected from the site. (*Id.*).

On May 12, 2016, the Division of Workers' Compensation issued an order awarding Plaintiff temporary disability benefits, worth approximately $27,896.40. (ECF No. 63-6 at 43, "Worker's Comp Order"). Thereafter, A2Z appealed the worker's compensation order, contending that there was insufficient evidence to support the judge's determination that A2Z was Plaintiff's employer. *See Calix v. A2Z Universal Landscaping*, No. A-3978-15T2, 2017 N.J. Super. Unpub. LEXIS 2223, at *1 (N.J. Super. Ct. App. Div. Sept. 7, 2017). In reversing and vacating the judge's order, the Appellate Division concluded that "the record before the judge was bereft of any evidence that A2Z employed [Plaintiff]." *Id.* at *6. Specifically, the court noted that the only

evidence before the judge was Plaintiff's own certifications, wherein he testified that he had no knowledge of who his employer was besides having been hired by "Steve and Roger West." *Id.* The matter is currently before the Division of Workers' Compensation.

Here, the key issue presently before the Court is whether Plaintiff was an employee of A2Z or its subcontractor RNR. Plaintiff claims that, at all relevant times, he was an employee of RNR; A2Z claims he was their employee.

## LEGAL STANDARD

In deciding whether to abstain from adjudicating a particular case, when a parallel state administrative proceeding remains pending, federal courts must analyze their abstention ability under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *See PTK, LLC v. Borough of Fort Lee*, No. 07-2166, 2008 U.S. Dist. LEXIS 22934, at *11 (D.N.J. Mar. 24, 2008). Under *Burford*, "a federal court should refuse to exercise its jurisdiction in a manner that would interfere with a state's efforts to regulate an area of law in which state interests predominate and in which adequate and timely state review of the regulatory scheme is available." *Chiropractic Am. v. LaVecchia*, 180 F.3d 99, 104 (3d Cir. 1999). "The purpose of *Burford* is to avoid federal intrusion into matters of local concern and which are within the special competence of local courts." *Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 247 (3d Cir. 2008) (internal quotation marks and citations omitted).

## ANALYSIS

Recognizing that Plaintiff's workers' compensation claim is currently pending before the Division of Workers' Compensation, the Court sua sponte requested the parties provide supplemental briefs addressing whether federal abstention and related doctrines apply. Defendant contends that *Pullman*[1] abstention applies, since a stay, pending disposition of the workers'

---

[1] *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).

3

compensation claim, is more appropriate than a dismissal under *Burford*. Plaintiff responds, arguing that *Burford* abstention is not appropriate since he presents purely legal claims, which do not involve difficult questions of state law. Having reviewed the parties' submissions, the Court finds that *Burford* abstention, rather than *Pullman*, is appropriate.

As background, the State of New Jersey has a comprehensive statutory scheme that regulates workers' compensation. Under New Jersey's Workers' Compensation Act, "'[w]hen employer and employee shall by agreement, either express or implied . . . accept the provisions of' the Compensation Act, employers shall compensate employees for work-related injuries 'arising out of and in the course of employment . . . without regard to the negligence of the employer[.]'" *Estate of Kotsovska, ex rel. Kotsovska v. Liebman*, 116 A.3d 1, 10 (N.J. Sup. Ct. 2015) (quoting N.J.S.A. § 34:15-7). "The remedial purpose of the Workers' Compensation Act" is "to make benefits readily and broadly available to injured workers through a non-complicated process." *Tlumac v. High Bridge Stone*, 902 A.2d 222, 225 (N.J. Sup. Ct. 2006). In order to further this public policy, "[t]he Legislature has conferred 'exclusive jurisdiction of all claims for workers' compensation benefits' upon the Division of Workers' Compensation." *Greenberg v. O'Gorman*, 491 A.2d 800, 803 (N.J. Super. Ct. Law Div. 1984) (quoting N.J.S.A. § 34:15-49)).

Moreover, New Jersey sets forth a stringent administrative process for individuals seeking workers' compensation benefits. After filing a motion for temporary disability or medical benefits, a period of discovery commences, before a formal hearing is held before the Judge of Compensation. *See* N.J.A.C. §§ 12:235-3.2, -3.8, and -3.12. It remains the employer's burden of proof to defeat an employee's claim for workers' compensation benefits. *See* N.J.S.A. § 34:15-7. In addition, upon rendering a decision at the administrative hearing, "[a]ny party may appeal from

the judgment of a judge of compensation to the Appellate Division of the Superior Court," which "shall be conclusive and binding" on the parties. N.J.S.A. § 34:15-66.

Against this background, the Court considers whether abstention is warranted. First, the Court finds Defendant's reliance on *Pullman* abstention inapplicable. "*Pullman* abstention instructs federal courts to abstain from ruling on federal constitutional issues where clarification of an uncertain state law might make the federal constitutional ruling unnecessary." *Bath Unlimited, Inc. v. Ginarte, O'Dwyer, Winograd & Laracuente*, No. 04-3919, 2005 U.S. Dist. LEXIS 22654, at *9 (D.N.J. Sept. 29, 2005); *see also* Erwin Chemerinsky, *Federal Jurisdiction* § 12.2, at 831-32 (2016). (Under *Pullman*, a "federal court should not resolve the federal constitutional question until the matter has been sent to state court for a determination of the uncertain issue of state law."). Here, because there are no federal constitutional issues raised, the Court finds *Pullman* abstention inapplicable. As such, the Court next considers whether *Burford* abstention applies.

The purpose of *Burford* abstention is to protect "complex state administrative processes from undue federal interference." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 362 (1989). Determining whether *Burford* abstention applies requires a two-step analysis. First, the Court must consider whether "timely and adequate state court review is available." *Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley*, 385 F. App'x 135, 144 (3d Cir. 2010) (citing *Chiropractic Am.*, 180 F.3d at 104). Second, if timely and adequate state review is available, the Court must consider three issues:

> (1) whether the particular regulatory scheme involves a matter of substantial public concern, (2) whether it is the sort of complex, technical regulatory scheme to which the *Burford* abstention doctrine usually is applied, and (3) whether federal review of a party's claims would interfere with the state's efforts to establish and maintain a coherent regulatory policy

*Chiropractic Am.*, 180 F.3d at 105 (internal quotation marks and citations omitted).

Here, as discussed above, New Jersey has a comprehensive statutory scheme that provides timely review of decisions made by the Division of Workers' Compensation, thereby satisfying the first prong of *Burford*. In addition, the parties have availed themselves of this administrative process, and have a matter currently pending before the Judge of Compensation.

Turning to the second prong of *Burford*, this Court finds all three factors are present. First, the remedial nature of the workers' compensation statutory scheme illustrates New Jersey's vested interest in ensuring that employees are rightfully compensated for injuries they sustain while at work. *See Tlumac*, 902 A.2d at 225; *see also* N.J.S.A. § 34:15-7. Second, "[t]o implicate the sort of technical, complex regulatory scheme to which *Burford* abstention is usually applied, the action must challenge the scheme itself, rather than just actions taken under color of the scheme." *Culinary Serv. of Del. Valley, Inc.*, 385 F. App'x at 144. Here, as noted above, New Jersey has an established administrative system from which workers' compensation claimants can obtain proper relief. *See* N.J.A.C. § 12:235-3.2. After a Judge of Compensation renders his or her decision, either party may then timely appeal the decision to the Appellate Division of New Jersey's Superior Court. *See* N.J.S.A. § 34:15-66. As such, given that New Jersey has a comprehensive administrative and appellate process for addressing workers' compensation claims, the Court is satisfied that this is the type of scheme for which *Burford* abstention is intended to apply. Finally, the third factor is clearly satisfied, since litigation here would directly interfere with the underlying workers' compensation hearing, which involves the same issue presented here, whether Plaintiff was A2Z's employee. As such, since all three *Chiropractic America* factors are met, the second *Burford* prong is satisfied; therefore, the Court finds that *Burford* abstention is warranted in this matter.

The Court briefly notes that Plaintiff's argument that claims for legal relief bar *Burford* abstention is in direct conflict with the Third Circuit's decision in *Feige v. Sechrest*, 90 F.3d 846 (3d Cir. 1996). In *Feige*, the Third Circuit was tasked with determining whether the district court erred in finding *Burford* abstention applicable and staying the matter, pending the Commonwealth Court proceedings. *Id.* at 847. Like the present matter, the majority of the claims presented in *Fiege* involved money and legal relief. *Id.* Relying on the Supreme Court's recent decision in *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996), the Third Circuit noted that "a district court may not abstain under *Burford* and dismiss the complaint when the remedy sought is legal rather than discretionary." *Id.* at 850 (citing *Quackenbush*, 517 U.S. at. 739). However, "[u]nlike the outright dismissal or remand of a federal suit," the Supreme Court indicated that "an order merely staying the action 'does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it.'" *Quackenbush*, 517 U.S. at 721 (quoting *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25, 29 (1959)). Therefore, the Third Circuit affirmed the district court's decision, explaining:

> Rather than abdicate its judicial duty to exercise its jurisdiction, the district court simply postponed the exercise of that jurisdiction until the proceedings in the Commonwealth Court reach their conclusion. This approach retains the sensitivity for concerns of federalism and comity implicated by *Burford* abstention, while preserving appellants' right to litigate their claims in the federal forum should the Pennsylvania courts, for jurisdictional or other reasons, fail to adjudicate them. The entry of a stay rather than a dismissal prevents those claims from becoming time-barred should jurisdiction be somehow lacking in the Commonwealth Court, and the preclusion doctrines of res judicata and collateral estoppel will prevent their re-litigation in the more likely event that court proceeds to judgment.

*Feige*, 90 F.3d at 851.

Guided by *Feige*, the Court sees no reason to refrain from staying the present matter, pending the underlying workers' compensation hearing. As noted above, since there are concerns

of federalism at play, and the Court will administratively terminate the present matter until the Judge of Compensation reaches a decision.

**ORDER**

IT IS on this __28__ day of __Feb__, 2018,

**ORDERED** that the parties' motions for summary judgment (ECF Nos. 63 & 64) are administratively terminated and may be re-opened upon final resolution of the Judge of Compensation.

_____
PETER G. SHERIDAN, U.S.D.J.